NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 6, 2007
Questions Certified January 22, 2008
Decided March 17, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

Nos. 06-4397 & 07-1041

| | |
|---|---|
| PLASTICS ENGINEERING COMPANY, | Appeals from the United States |
| *Plaintiff-Appellee, Cross-Appellant*, | District Court for the Eastern District of Wisconsin. |
| *v.* | |
| | No. 04 C 825 |
| LIBERTY MUTUAL INSURANCE COMPANY, | |
| | Aaron E. Goodstein, |
| *Defendant-Appellant, Cross-Appellee.* | *Magistrate Judge*. |

**O R D E R**

In *Plastics Engineering Co. v. Liberty Mutual Insurance Co.*, 514 F.3d 651 (7th Cir. 2008), we stayed the appeal of a declaratory judgment entered by the United States District Court for the Eastern District of Wisconsin, 466 F. Supp. 2d 1071 (E.D. Wis. 2006), and certified three questions to the Supreme Court of Wisconsin:

(1) Under Wisconsin law, what constitutes an "occurrence" in an insurance contract when exposure injuries are sustained by numerous individuals at varying geographic locations over many years?

(2)  Does Wisconsin Statute § 631.43(1) apply to successive insurance policies when an occurrence is ongoing and spans multiple insurance policies, thereby prohibiting efforts by consecutive insurers to reduce coverage to the maximum of a single policy period?

(3)  In Wisconsin, are insurers obligated to pay "all sums" related to the defense and/or indemnification of an injury that triggers one insurance policy; or alternatively, are insurers liable for a pro rata share of defense costs and/or damages depending on how much of the injury occurred during the triggered insurance policy period?

514 F.3d at 661.

In an opinion issued January 29, 2009, the Supreme Court of Wisconsin summarized its answers to our questions as follows:

We answer the three certified questions by concluding that under the language in this policy and the facts of this case, each claimant's repeated exposure is one occurrence; Wis. Stat. § 631.43(1) (1975-current) does not apply to successive insurance policies; and once this policy is triggered, Liberty Mutual must fully defend the lawsuit in its entirety and pay for all sums up to the policy limits that Plastics Engineering Company (Plenco) is obligated to pay because of the injury.  The policy language here does not support a pro rata allocation of damages.

759 N.W.2d 613, 615-16 (Wis. 2009) (footnote omitted).

In response to this ruling, both parties filed position statements with this court.  They agreed that the Supreme Court of Wisconsin's decision was consistent with the Final Declaratory Judgment entered by the district court, that it left no issues unresolved, and that we should therefore affirm the decision of the Eastern District of Wisconsin.  We agree and now AFFIRM the district court's judgment in the present appeal.